Obt f !3;17.dw21967.CBG.STX !!!!!Epdvn f ou!2!!!!!Gjrne!13081117!!!!!Qbhf !2!pg22

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov

**ORIGINAL**

**RECEIVED**

MAY 0 3 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>**PACIFIC CAPITAL, LP**<br>a/k/a Woodlot II Limited Partnership<br><br>**Defendant** | Case: 2:06-cv-10856<br>Assigned To : Friedman, Bernard A<br>Referral Judge: Whalen, R. Steven<br>Assign. Date : 2/27/2006 @ 12:55 p.m.<br>Description: CMP USA V. PACIFIC<br>CAPITAL, LP (TAM) |

### COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA,"

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Pacific Capital, LP (hereinafter, "Pacific Capital" or "Defendant"), is a Delaware limited partnership currently maintaining its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b). Pacific Capital is also known as Woodlot II Limited Partnership.

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on or about May 22, 1995, SBA License No. 05/04-0261, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Defendant's General Partners include WP Pacific, LLC and Pacific Capital GP, LLC, both of which maintains their principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs.

Dbt f !3;17.dw.21967.CBG.STX !!!!!Epdvn f ou2!!!!!Gjrhe!13088117!!!!!Qbhf !4!pg22

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $13,750,000 as follows:

   a. No. 04654552-04 in the amount of $  250,000.00;
   b. No. 04655953-02 in the amount of $1,500,000.00;
   c. No. 04654554-00 in the amount of $2,000,000.00;
   d. No. 04654555-09 in the amount of $1,500,000.00;
   e. No. 04654556-07 in the amount of $1,000,000.00;
   f. No. 04673051-00 in the amount of $1,000,000.00;
   g. No. 04673052-09 in the amount of $1,500,000.00;
   h. No. 04673053-07 in the amount of $2,000,000.00;
   i. No. 04673054-05 in the amount of $2,000,000.00; and
   j. No. 04683055-03 in the amount of $1,000,000.00.

As of January 20, 2006, there is remains $10,370,044.62 in Debenture Leverage outstanding, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 with a per diem rate of $1,705.93.

11. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provision of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Dbtf!3;17.dw21967.CBG.STX!!!!!Epdvn foU2!!!!!Gjrhel1308031.17!!!!!Qbhf!5!pg22

Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

13. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

14. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15. Based on the SBA Form 468 submitted by Defendant for the period ending March 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of eighty seven percent (87%), in excess of the 55% maximum allowable percentage.

16. By letter dated May 21, 2004 SBA notified Defendant that it was in violation of Section §107.1830(c) due to its excessive capital impairment ratio.

17. Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the May 21, 2004 letter gave Defendant fifteen (15) days to cure its condition of capital impairment.

18. Defendant has failed to cure its condition of capital impairment.

19. Based on a financial statement submitted by Defendant for the period ending September 30, 2005, SBA determined that Defendant's capital impairment ratio has risen to 116.7%.

20. Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

21. As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Pacific Capital, LP and is also entitled to judgment in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of judgment plus post judgment interest thereon.

## COUNT TWO
## FAILURE TO PAY ACCELERATED INDEBTEDNESS

22. Paragraphs 1 through 21 are incorporated by reference as though fully set forth herein.

23. Section 107.1810 (g) of the Regulations provides that the entire indebtedness evidenced by Debentures owed to SBA may be declared immediately due and payable and that SBA may avail itself of any remedy under the Act, specifically including institution of proceedings for the appointment of SBA as the Receiver of the Licensee upon an event of default that remains uncured to SBA's satisfaction after notice is given and a fifteen (15) day cure period has elapsed.

24. Section 107.1810(f)(5) provides that a condition of capital impairment as determined under Section 107.1830 is an event of default with opportunity to cure.

25. By letter dated May 21, 2004, SBA gave Defendant fifteen (15) days to cure its condition of capital impairment.

26. To date, Defendant has failed to cure the default.

27. SBA has accelerated Defendant's entire Debenture indebtedness and made demand for payment in full of the Debentures.

28. To date, Defendant has not made full payment to SBA of the accelerated amount due and the amount of the indebtedness to SBA evidenced by the Debentures is still outstanding

29. As of January 20, 2006, Defendant is indebted to SBA under the Debentures in the amount of in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of judgment.

30. As a consequence of Defendant's uncured violations of 13 C.F.R. §§107.1830(b) and 107.1810(f) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Pacific Capital, LP a/k/a Woodlot II Limited Partnership.

### COUNT THREE
### NON-PERFORMANCE WITH TERMS OF LEVERAGE

31. Paragraphs 1 through 30 are incorporated by reference as though fully set forth herein.

32. Defendant's violations of 13 C.F.R. §107.1830(b), capital impairment, and 13 C.F.R. §107.1810(f)(5), events of default with opportunity to cure, is also a violation of Section 107.507(a) for nonperformance of the terms of Debentures.

33. Each Debenture instrument specifically incorporate the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment percentage, is a violation of the terms of each and every Debenture.

34. Defendant's uncured condition of capital impairment is a violation of the terms of its Leverage as evidenced by the Debentures, of which $10,370,044.62 remains outstanding as of January 20, 2006.

35. Defendant's uncured condition of Capital Impairment is a violation of Section 107.1830(b) of the Regulations, Section 107.1810(f)(5) of the Regulations and the terms of the Debentures. Therefore, Defendant is in violation of Section 107.507(a) of the Regulations.

36. As a consequence of Defendant's continuing violation of 13 C.F.R. § 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as receiver of Defendant, Pacific Capital, LP a/k/a Woodlot II Limited Partnership.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A. That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing,

conveying, disposing, executing or encumbering in any fashion any funds or assets of Pacific Capital, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Pacific Capital's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Pacific Capital and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Pacific Capital for the purpose of liquidating all of Pacific Capital's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Pacific Capital against third parties, as appropriate;

D. That this Court render Judgment in favor of SBA and against Pacific Capital, LP in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of this Order, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Date: 2-23-06   By: _Ellen Christensen_
Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211

8

313-226-9100<br>
Email: ellen.christensen@usdoj.gov

Date: 2/23/06

Arlene M. Embrey<br>
U.S. Small Business Administration<br>
409 Third Street, S.W., Seventh Floor<br>
Washington, D.C. 20416<br>
(202) 205-6976<br>
Email: arlene.embrey@sba.gov